Derbigny, J.
delivered the opinion of the court. The plaintiffs having attached the property of the defendant and obtained judgment *508 against him, were proceeding to have it levied on the proceeds of the goods attached, when Thomas Holt interfered and pretended to be paid in preference to them ; being an attaching creditor of the defendant’s property of an anterior date. Three questions arise on this contest: 1. Is the property attached the same? 2. Are both attachments equally regular and complete ? 3. Has the first attaching creditor a right to be paid first ?
I. The property in dispute consists in goods of the defendant, which had been in the possession of Charles B. Sweetzer, an agent of his, and which Sweetzer, on leaving this country, had placed under the care of Wm and Joseph Hyde, of this place, according to instructions from his employer. The goods were not received from the store in which they were deposited ; but the key of the store and the invoices of the goods were delivered to the Hydes. Things were in that situation, when Thomas Holt laid the first attachment on the property of the defendant in their hands. The answer and deposition of J. W. Hyde, as garnishee, establish the facts, as above stated. The plaintiffs in this case and several other creditors afterwards laid attachments also on the goods of the defen *509 dant in the hands of J. W. Hyde. His answers are the same in all cases.
But, the plaintiffs, some days after having attached the property, in the same hands and in the same manner, as the other creditors, caused the sheriff to attach, particularly, a certain quantity of goods in a store no. 4 Bienville street. Are these goods distinct from those which had been already attached in the hands of J. W. Hyde? An attempt has been made to shew that they are ; and, by the manner in which this second attachment is described, some doubt has been created respecting their identity ; but, from an examination of the records of the several suits brought against Samuel S. Bradlee's property and the whole course of those proceedings, it evidently results that the goods here in dispute are the identical goods which were placed under the care of the Hydes, by Sweetzer, and which, having been attached in the hands of J. W. Hyde in this suit and several others, were claimed by Joseph P. Bradlee, and finally released from that claim by the judgment of this court. Should it, however, be deemed satisfactory that direct proof should be quoted in support of that belief, it maybe found in the sheriff’s account of the sale of thegoods, where, among the items deducted out of the gross *510 amount he mentions the store rent and other charges which he paid to the Hydes, and the costs of court in all the attachment suits carried on against those very goods; and it may be further proved in the testimony of J. W. Hyde' who swears that the store in which those goods were placed, and of which the Hydes paid the rent, is the same store in which the same goods were afterwards sold by the sheriff.
The bill of exceptions, by which the plaintiffs complain that they were not permitted to show by oral testimony, that Hyde, the garnishee, never was in possession of the goods attached in this case, we think, cannot avail them. They themselves attached in his hands these identical goods, before they pretended to attach them again in another form. There is abundant proof on record that Hyde had them in his possession, and among others the sheriff’s account, and return, against which we think that oral evidence could net he received.
II. The second ground, insisted on by these plaintiffs, is that their attachment is regular and right, while the others are insufficient. The fact which they rely, in support of that assertion is, that not content with attaching in the hands of the garnishee the property of the de *511 fendant, as did the other creditors, they afterwards caused the sheriff to take it into his particular custody. We think, however, not only that an attachment in the hands of a garnishee is sufficient to place the property in the custody of the law ; but that, after the service of such an attachment, the sheriff had no right to go and take the property from the garnishee, without a further order of the court; and that, by taking it, he has neither bettered the situation of these plaintiffs, nor made the condition of the others worse.
III. These plaintiffs contend that the first attaching creditor has no right to be paid in preference to them, in other words, that the property attached ought to be distributed among the attaching creditors. We know of no circumstance where the property of a debtor becomes the common stock of his creditors, except that of insolvency. The debtor in this case is a foreigner, and resides abroad. He cannot claim the benefit of our insolvent laws, nor can his creditors invoke those laws in their behalf.
It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.